## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| B. ROBERT SILL, | : | |
| Plaintiff, | : | Case No. RDB 17 CV 2309 |
| v. | : | Washington County Case No. 21-C-17-060303 |
| AMERICAN ADVISORS GROUP, REVERSE MORTGAGE SOLUTIONS, WALTER INVESTMENT MANAGEMENT COMPANY, DITECH FINANCIAL LLC, | : | FILED ENTERED LOGGED RECEIVED AUG 1 1 2017 AT BALTIMORE CLERK, U.S. DISTRICT COURT DISTRICT OF MARYLAND |
| Defendants. | : | BY DEPUTY |

### NOTICE OF REMOVAL

Defendant, American Advisors Group ("AAG") hereby removes the above-captioned action to the United States District Court for the District of Maryland, Northern Division. Removal is based on 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332(a)(1) (diversity jurisdiction) and is authorized by 28 U.S.C. §§ 1441 (authorization of removal) and 1446 (procedure for removal). As grounds for removal, AAG states the following:

### I.     BACKGROUND

1.     On June 7, 2015, Plaintiff B. Robert Sill ("Plaintiff") filed a Complaint in the Circuit Court for the 4th Judicial Circuit, Washington County, Maryland, naming AAG, Reverse Mortgage Solutions ("RMS"), Walter Investment Management Company ("Walter Investment"), and Ditech Financial LLC ("Ditech") as defendants (collectively, the "Defendants").

2.     AAG was first served with the Complaint on July 13, 2017.  A copy of the state court complaint as served on AAG is attached as **Exhibit A.**

3.      The Complaint alleges that, after seeing an ad by AAG "on or about April 27, 2012,

Plaintiff contacted AAG and discussed obtaining a loan on his property" located at 60 Field Circle,

Chambersburg, PA 17202 (the "Property") to complete a renovation on the Property. *Id.* at p. 2.

Plaintiff alleges that he subsequently entered into a reverse mortgage loan with AAG "based on

faulty, vague information in discussion with AAG, the materials provided by AAG and the

assurances given to him…as to the lack of risk he would be undertaking." *Id.*

4.      Plaintiff further alleges that, as a result of accepting the loan and terms from AAG,

he may now lose his home because has been "placed in a position in which he has seen the value

of his estate decrease," caused by "high mortgage insurance, unreasonable with a low loan to value

loan, and the addition to principal which decreases equity." *Id.*

5.      Based on these facts, Plaintiff alleges eleven "Counts" against AAG, RMS, and the

other Defendants.  Specifically, Plaintiff alleges that Defendants are liable under common law

claims of fraud, negligence, misrepresentation, bad faith, and breach of fiduciary duty. *Id.* at pp.

2-4.  Plaintiff also alleges violations under the Maryland Consumer Protection Act ("MCPA")[1],

Md. Code Ann., Com. Law § 13-101, *et. seq.*, the Maryland Securities Act ("MSA"), 3 Md. Code.,

Art. 32A, §§ 13-44, the Securities Act of 1933, 5 U.S.C. § 77a et seq., and the Securities Exchange

Act of 1934, 15 U.S.C. § 78a et seq. *Id.*  Plaintiff also seeks to impose individual liability against

the officers and directors of AAG and RMS and, to the extent any of the Defendants are "insolvent

or has been dissolved," he seeks recovery of damages from their distributed assets. *Id.* at pp. 3-4.

6.      Plaintiff seeks the following damages, which are generally alleged as to all Counts

unless otherwise specified:  actual damages totaling $28,000, including $10,000 in "up front fees"

allegedly paid by the Plaintiff and recovery of $18,000 in "unnecessary mortgage insurance;"

---

[1] Misidentified in Plaintiff's Complaint as the "Maryland Deceptive Trade Practices-Consumer Protection Act."

147217.00605/106048591v.1

treble damages, as purportedly available under the MCPA; reasonable costs and attorney's fees; "substantial" exemplary damages; and emotional and punitive damages "due to stress incurred from the deluge of negative paperwork and potential loss of equity needed for retirement." *Id.* at p. 4.

## II.    THE STATUTORY REQUIREMENTS FOR REMOVAL BASED ON FEDERAL QUESTION JURISDICTION ARE MET.

7.      28 U.S.C. § 1441(a), which establishes when an action is removable from state court to federal court, provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district or division embracing the place where such action is pending."

8.      Here, jurisdiction arises under 28 U.S.C. § 1331 since Plaintiff's claims under the Securities Act of 1933 (the "1933 Act"), 15 U.S.C. § 77a et seq., and the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78a et seq., arise under federal statutory law.

9.      This Court has supplemental jurisdiction over the remaining counts alleged under Maryland statutes and Maryland common law pursuant to 28 U.S.C. § 1367, as these counts arise from the same case or controversy under Article III of the United States Constitution.

10.     Further, undersigned counsel has contacted counsel for the other Defendants – Ditech, RMS, and Walter Investments[2] – and confirmed that all Defendants consent to removal.

11.     Accordingly, pursuant to 28 U.S.C. § 1367, Defendant AAG respectfully requests that this Court exercise supplemental jurisdiction over the remaining claims arising under

---

[2] Ditech, RMS, and Walter Investments are represented by counsel at McCarter & English.

147217.00605/106048591v.1

Maryland statutes and Maryland common law – all of which arise from the common allegations of fact.

## III.   THE STATUTORY REQUIREMENTS FOR REMOVAL BASED ON DIVERSITY JURISDICTION ARE MET

12.     This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) over this matter because the suit is between citizens of different states and the amount in controversy is more than $75,000.

### A.   Complete Diversity of Citizenship

13.     Plaintiff is a resident of Hagerstown, Washington County, Maryland.  Complaint, p.1.

14.     Defendant AAG is incorporated in California and its principal place of business is in California.  *Id.*

15.     Defendant RMS is incorporated in Delaware and its principal place of business is in Texas.  *Id.*

16.     Defendant Ditech Financial LLC is incorporated in Delaware and its principal place of business is in New Hampshire.  *Id.*

17.     Defendant Walter Investment Management Company is incorporated in Maryland and its principal place of business is in Florida.  *Id.*

18.     Consequently, there is complete diversity of citizenship between the parties.

### B.   Amount in Controversy

19.     This case exceeds or meets the jurisdictional requirement of $75,000 because: Plaintiff is seeking:  (i) actual economic damages of $28,000; (ii) treble damages; (iii) "substantial" exemplary damages; (iv) an unspecified amount of emotional and punitive damages; and (v)  an

4

unspecified amount of attorney's fees, litigation expenses, and costs for the prosecution of this action. *See* Complaint, pp. 2-4.

20.     Here, at first blush, it appears that the Complaint specifically requests only $28,000 in damages and losses, and does not meet the $75,000 amount in controversy requirement. *See* Complaint, p. 4.  However, as discussed below, a closer examination reveals that the treble damages sought, the unspecified exemplary, emotion and punitive damages, and damages for attorney's fees, litigation expenses, and costs will easily exceed the jurisdictional threshold. Therefore, this Court should exercise its federal jurisdiction over Plaintiff's claims.

1.     Legal Standard for Determining Amount in Controversy

21.     Courts within the Fourth Circuit apply the "either party" test for calculating whether the jurisdictional amount is met for purposes of diversity jurisdiction. *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) ("In this circuit, it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'") (quoting *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)).

22.     To establish the amount in controversy in a notice of removal, "a defendant's notice of removal **need include only a plausible allegation** that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014) (emphasis added).  A "short and plain statement" of the alleged amount in controversy, such as those statements required of pleadings under Fed. R. Civ. P. 8(a), is sufficient. *Id.* at 553; *see also, Ellenburg v. Spartan Motors Chassis. Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (holding a defendant is not required "to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint.").

5

23.     Moreover, no evidentiary support is required to support a notice of removal.  A defendant's amount in controversy allegation "should be accepted" for purposes of conferring jurisdiction on the federal court unless it is "contested by the plaintiff or questioned by the court." *Dart*, 135 S. Ct. at 553; *see also, id.* at 554 ("Defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met").  It is only upon challenge by the plaintiff that the removing defendant must prove by a "preponderance of the evidence." *Id.* at 553-544.

> 2. Plaintiff's Claim for Treble Damages Places Him Over the Amount in Controversy.

24.     In Count III of the Complaint, Plaintiff seeks treble damages, purportedly under the MCPA. *Id.* at pp.2-3.

25.     Where recoverable, treble damages should be considered in determining whether the amount in controversy in a diversity action exceeds the jurisdictional threshold. *See, e.g.. R.L. Jordan Oil Co. of N.C., Inc.* v. *Boardman Petroleum, Inc.,* 23 Fed.Appx. 141, 145 n. 3 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages"); *Marchese* v. JPMorgan *Chase Bank, N.A.,* 917 F. Supp. 2d 452, 460 (D. Md. 2013).

26.     Notably, the trebling of Plaintiff's alleged actual damages will exceed the $75,000 amount in controversy minimum even without the Court's consideration of the other categories of damages and attorney's fees and costs sought by the Plaintiff.  Thus, the Court should exercise diversity jurisdiction on the basis of the treble damages sought in Count IV alone.

27.     Accordingly, AAG has alleged herein sufficient information and facts to support a finding that the amount in controversy exceeds $75,000.

3.  <u>Plaintiff's Claims for Exemplary, Emotional, and Punitive Damages Place Him Over the Amount in Controversy.</u>

28.    The gravamen of Plaintiff's allegations are that the Defendants fraudulently enticed him into entering a reverse mortgage on his property through misrepresentations and vague information, and took advantage of an "elderly individual" whose retirement is now threatened due to loss of money and equity in his property.  Complaint, pp. 1, 4.

29.    As part of the relief sought by the Plaintiff, Count IX seeks exemplary damages, which Plaintiff argues is "necessary to deter similar conduct in the future and to warn or deter others similarly situated." *Id.* at p. 4.

30.    Plaintiff's Prayer for Relief also seeks "emotional and/or punitive damages" arising from "the stress incurred" by the Plaintiff as a result of Defendants' alleged actions and the "loss of equity needed for retirement." *Id.*

31.    Where the amount in the Complaint seeks both a specific and unspecified amount of damages (such as the Plaintiff's exemplary, emotional, and punitive damages, and attorney's fees and costs), the Court applies a preponderance of the evidence standard in determining whether the amount in controversy requirement has been met. *See Williams v. Bank of New York Mellon*, 2013 WL 2422895, *1, *2 (D. Md. June 3, 2013).

32.    In light of the facts as alleged in the Complaint, Plaintiff's recovery of exemplary, emotional and/or punitive damages are plausible should he prevail and judgment be entered in his favor. *See Dart,* 135 S. Ct. at 554 (2014).

33.    Further, in light of the pleading requirements for removal under Fourth Circuit law, AAG has alleged herein sufficient information and facts to support a finding that damages exceeding $75,000 are plausible.

7

    4. <u>Plaintiff's Claims for Attorney's Fees Place Him Over the Amount in Controversy</u>

34.    The prospective attorney's fees and costs sought by Plaintiff, which are recoverable under the MCPA, also plausibly place him over the amount in controversy threshold. *See* Md. Code Comm. Law § 13-408(b).

35.    Future attorney's fees may be included in an amount in controversy calculation where a statute mandates or allows payment of attorney's fees. *See Francis v. Allstate Ins. Co.*, 869 F. Supp .2d 663 (D. Md. 2012) *af'd*, 709 F.3d 362, 368 (4th Cir. 2013) (holding that when Maryland law permits recovery of attorney's fees, potential attorneys' fees should be considered in determining whether the amount in controversy in a diversity action exceeds the jurisdictional threshold).

36.    Here, based on the allegations raised in the Complaint, Plaintiff's attorney's fees (as recoverable under the MCPA) have the potential for exceeding the jurisdictional limit. Plaintiff has alleged eleven counts against four corporate defendants, including violations of federal securities laws and Maryland statutes and common law torts, including fraud and misrepresentation. It is very possible that the instant litigation could require extensive motion practice (including dispositive motions and responses thereto) and discovery which could result in significant costs and time expended by Plaintiff, or a subsequently retained attorney.

37.    Accordingly, "experience and common sense" dictate that counsel will incur significant future attorney's fees which, when added to the aforementioned damages specified and alleged in the Complaint, will in all likelihood far exceed the $75,000 jurisdictional requirement. *See Francis*, 869 F. Supp. 2d at 670.

8

38.     In summation, it is plausible, that the potential for attorney's fees and costs – when added to Plaintiff's alleged actual damages totaling $28,000, and his additional claims for treble, exemplary, emotional and punitive damages – will exceed $75,000.

**C.     Other Factors Supporting Removal**

39.     Removal to Proper Court.  This Court is part of the "district and division" embracing the place where the Complaint was filed – Washington County, Maryland, and so this Court is the proper venue for removal.  28 U.S.C. § 1446(a).

40.     Removal is Timely.  AAG was served on July 13, 2017, and thus this removal has been filed within 30 days of service.  *See* Ex. A.

41.     Pleadings and Process.  A copy of the Complaint as served, with the summons, is attached as Exhibit A.

42.     Notice.  A copy of the Notice of Filing of Notice of Removal, which will be timely filed with the clerk of the state court in which the action is pending and will be served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d), is attached hereto as **Exhibit B**.

43.     Signature.  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

44.     Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) and the claims are properly removed to this Court under 28 U.S.C. §§ 1331, 1441 and 1446.

45.     In the event that Plaintiff seeks to remand this case, or this Court considers remand *sua sponte*, AAG respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

9

WHEREFORE, this action should proceed in the United States District Court for the

District of Maryland, Northern Division.

DATED:  August 10, 2017

Respectfully submitted,

_____
Andrew M. Williamson Fed Bar. No. 18721
Blank Rome LLP
1825 Eye Street N.W.
Washington, DC 20006
Tel: 202.420.2252
Email: AWilliamson@BlankRome.com
*Counsel for Defendant American Advisors Group*

147217.00605/106048591v.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of August, 2017, I caused a copy of the foregoing to be sent via first-class mail to:

Mr. Robert Sill
19722 Meadowbrook Road
Hagerstown, MD 21741

Reverse Mortgage Solutions
14405 Walters Road Suite 200
Houston, TX  77014

Ditech Financial LLC
W. Bay Street, Suite 21850
Jacksonville, FL  32202

Walter Investment Management Company
1100 Virginia Drive, Suite 100
Fort Washington, PA 19034

_____
Andrew M. Williamson

11