# IN THE UNITED STATES CIRCUIT COURT
## FOR THE 4th JUDICIAL CIRCUIT OF MARYLAND

**B. ROBERT SILL**
     Plaintiff,

VS.                                        CIVIL ACTION NO. 21-C-17- 60303 OT

American Advisors Group (AAG)
Reverse Mortgage Solutions (RMS)
Walter Investment Management Company
Ditech Financial
~~DOES 1-99~~ *RMS*
     Defendants

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff B. Robert Sill files this original complaint against the following defendants: (a) Reverse Mortgage Solutions (RMS); (b) American Advisors Group (AAG). Walter Investment Management Company and Ditech Financial

### THE PARTIES

Plaintiff B. Robert Sill is an individual residing at 19722 Meadow Brook Rd., in Hagerstown, Maryland, 21742. Sill may be served at the above address.

Defendant RMS is a corporation having an office at 14405 Walters Rd Suite 200, Houston, TX 77014. RMS may be served at the above address. Corporate Locations- San Diego, California; and Charlotte, North Carolina. RMS may be served at the above Houston address.

Defendant Ditech Financial LLC - W Bay St. Suite 21850, Jacksonville, FL 32202 (Perry Ross Oake-principal). Ditech may be served at the above address.

Defendant Walter Investment Management Company is a corporation having offices at 1100 Virginia Drive, Suite 100, Fort Washington, PA, 19034. Walter Investment may be served at the above address.

Defendant AAG is a California LLC, having its principal office at _3800 West Chapman Ave., 3rd Floor, Orange, Calif. 92868. 600 City Parkway West Fifth Floor, Orange, CA 92868 1-866-948-0003. AAG may be served at the above address.

6/31/2017

Jurisdiction and Venue

FACTUAL BACKGROUND

On or about April 27, 2012, Robert Sill saw an ad by American Advisors Group (AAG) for a reverse mortgage. Sill was seeking funds to complete a renovation of the property located at 60 Field Circle in Chambersburg, Pa 17202. Sill and AAG discussed Sill obtaining a loan on the property.

Sill made the decision to accept the loan based on faulty, vague information in discussions with AAG, the materials provided by AAG and the assurances given to him by AAG as to the lack of risk he would be undertaking.

AAG/RMS knew or should have known much more about the risk to an elderly individual.

Defendant AAG is believed to have profited or will profit at the expense and to the detriment of Sill.

As a result of his accepting the loan and terms from AAG, Sill has been placed in a position in which he has seen the value of his estate decrease and may lose his home. Causes include high mortgage insurance, unreasonable with a low loan to value loan, and the addition to principal which decreases equity.

Count 1: Common Law Fraud

The conduct of AAG/RMS described above constitutes common law fraud (Business and commercial Fraud). AAG/RMS had knowledge or should have had knowledge of these facts at the time Sill entered into the agreement and their actions and inaction evidence an intent for Sill to rely to his detriment. Sill justifiably relied to his detriment not only on the representations by the defendants but on their silence because they had a duty to disclose these types of facts to Sill. Their misrepresentations and omissions are the producing cause of damages to Sill because, had he known the truth, Sill would not have taken the loan. AAG/RMS is responsible for making all statements sound overly rosy.

Count 2: Negligence

The conduct of AAG/RMS described above constitutes negligence because they failed to disclose the true nature of what might happen in the future, despite a duty to disclose. AAG/RMS failed to bargain in good faith.

Count 3: Misrepresentation

Sill justifiably relied on their misrepresentation and silence and has suffered damages

Count 3: Deceptive Trade Practices Act

The conduct of AAG/RMS describes above constitutes violations of the Maryland Deceptive Trade Practices-Consumer Protection Act, and their actions and inactions evidence an intent for Sill to rely to his detriment. Their actions and inactions are a producing cause of damages to Sill because, had he known the true nature of the loan, Sill would not have taken it. Because their actions were committed knowingly, Sill is entitled to treble damages.

### Count 4: Maryland Securities, Fraud Banking Act,

AAG and RMS are business entities and as such, are responsible for their actions under the Maryland Securities Act. AAG and RMS are public entities and securities are sold in these entities. Defendants violated the Maryland Securities Act by means of untrue statements of material facts and by omitting to state material facts as described above. As a result of these violations, Sill is entitled to damages resulting from his investment. To the extent other named defendants directly or indirectly control AAG/RMS under the Maryland Securities Act they are jointly and severally liable for the actions of AAG/RMS. Further, to the extent these defendants directly or indirectly, with intent to deceive or defraud, or with reckless disregard for the truth or the law, materially aided any other defendants, they are jointly and severally liable for the actions of said other defendants.

### Count 5: Securities Act of 1933 and Banking Act of 1933 and 1935

Sill's entering into a real estate transaction with a lender falls under the rulings of the Securities Act of 1933 and the Banking Act of 1933 and 1935 as described above. Defendants violated said act by not acting on behalf of the borrower including interstate communications that included untrue statements of material fact and that omitted to state material facts as described above. As a result of these violations, Sill is entitled to damages.

To the extent that others control/led AAG/RMS, they are jointly and severally liable for their actions. The loan was a FHA loan (government), packaged and sold, therefore subject to violation of Securities Law.

### Count 6: Securities and Exchange Act of 1934

Same as five above as it applies to Securities and Exchange Act of 1934.

### Count 7: Individual Liability of Officers and Directors

All officers or directors of AAG/RMS knowingly participated in the torturous and fraudulent acts leading up to Sill's acceptance of said loan and are therefore individually liable to Sill for the damages alleged above, even though they may not have been personally performing as agents for AAG/RMS.

Likewise, any and all other officers and directors, before and after Sill's investment, perpetuated the torturous and fraudulent acts committed against Sill. They are therefore individually liable to Sill for the damages alleged above, even though they may have been performing as agents.

## Count 8: Trust Fund and Denuding the Corporation

To the extent AAG/RMS is insolvent or has been dissolved, AAG/RMS's debt to Sill follows corporate or LLC assets that have been or will be distributed to its shareholders, directors and officers. Thus, those shareholders, directors and officers that have received distributions from AAG/RMS are personally liable for AAG/RMS's debt to Sill, up to the value of the transferred assets.

## Count X: Bad Faith

AAG/RMS or any of the related entities never produced bilateral agreements, all paperwork is one sided.

## Count X: Breach of Fiduciary Duty

Any would be lender has or should have, a duty to lend in good faith, keep borrowers apprised of status, and protect borrowers.

## Count 9: Exemplary Damages

Because of the defendants' fraudulent and other acts described above, Sill is entitled to recover exemplary damages. An award of substantial exemplary damages is necessary to deter similar conduct in the future and to warn or deter others similarly situated.

## Count 10: Willful Blindness

As allowed by law

## Count 11: Attorneys' Fees

As a result of the defendants' conduct, Sill may be forced to employ attorneys to prosecute his claims and pay them a reasonable fee for their services. Sill is entitled to recover his reasonable attorneys' fees and court costs incurred in prosecuting this action.

## Prayer for Relief

Plaintiff B. Robert Sill requests that the court grant him the following relief:
1. Actual damages in the amount of Ten Thousand Dollars ($10,000) – the up front fees, Mortgage insurance unnecessary for several years= $300/mo. x 12 months x 5 years=$18,000
2. Recovery of his reasonable costs and attorneys' fees.
3. All other relief to which he is entitled.
4. Emotional and or punitive damages due to stress incurred from the deluge of negative paperwork and potential loss of equity needed for retirement.

8/29/2017