IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

B. ROBERT SILL,

    Plaintiff,

    v.                                       Civil Action No. RDB-17-2309

AMERICAN ADVISORS
GROUP, *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

*Pro se* Plaintiff B. Robert Sill ("Plaintiff" or "Sill") brought this thirteen count Complaint against Defendants American Advisors Group ("AAG"), Reverse Mortgage Solutions ("RMS"), Walter Investment Management Company ("Walter"), and Ditech Financial ("Ditech") (collectively, "Defendants"), stemming from the reverse mortgage loan he obtained from AAG. (Compl., ECF No. 2.) Currently pending before this Court are Defendant AAG's Motion to Dismiss (ECF No. 9) and Defendants RMS, Walter, and Ditech's Motion to Dismiss (ECF No. 13). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, both Motions to Dismiss (ECF Nos. 9 and 13) are GRANTED.[1]

---

[1] Defendant AAG also requested that this Court "award reasonable attorney's fees and costs incurred in responding to the Complaint and filing this Motion [to Dismiss] and other further relief as just and proper." ECF No. 9. It is well-established in this Court that sanctions should be imposed sparingly and the decision to do so is within the discretion of this Court. *Thomas v. Treasury Mgmt. Assoc.*, 158 F.R.D. 364, 366 (D. Md. 1994). Given the nature of the *pro se* Complaint, this request is denied.

1

## BACKGROUND

This Court accepts as true the facts alleged in Plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F. 3d 388, 390 (4th Cir. 2011). On or around April 27, 2012, Plaintiff was seeking funds to renovate a property when he saw an ad by AAG for a reverse mortgage. (ECF No. 2 at 2.)[2] Plaintiff discussed obtaining a loan with AAG. (*Id.*) Plaintiff then "made the decision to accept the loan based on faulty, vague information in discussions with AAG, the materials provided by AAG and the assurances given to him by AAG as to the lack of risk he would be undertaking." (*Id.*) As a result, Plaintiff "has been placed in a position in which he has seen the value of his estate decrease and may lose his home." (*Id.*) Plaintiff claims that AAG and RMS knew or should have known the risk to him and further that AAG will profit at Plaintiff's expense. (*Id.*)

From these facts, Plaintiff brought the following causes of action against AAG, RMS, Walter and Ditech: common law fraud, negligence, misrepresentation, Maryland Consumer Protection Act ("MCPA"), Maryland Securities Act, Securities Act of 1933 and Banking Act of 1933 and 1935, Securities and Exchange Act of 1934, Bad Faith, Breach of Fiduciary Duty, and Willful Blindness. Petitioner seeks punitive damages and attorney's fees, additionally claiming that all officers or directors of AAG/RMS are individually liable and the shareholders, directors, and officers that have received distributions from AAG/RMS are personally liable for AAG/RMS's debt to Plaintiff.[3]

---

[2] Plaintiff's Complaint does not contain numbered paragraphs.
[3] In his Complaint, Plaintiff asserts a cause of action under the "Maryland's Deceptive Trade Practices Act." Construing Plaintiff's Complaint liberally, this Court has re-labeled Plaintiff's claim as under the Maryland Consumer Protection Act. This Court has similarly taken Plaintiff's claims for "individual liability of officers and directors," "trust fund and denuding the corporation," "exemplary damages," and "attorney's fees" and treated them as described above.

# STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) "require that complaints in civil actions be alleged with greater specificity than previously was required." While a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Iqbal*, 556 U.S. at 678. A *pro se* plaintiff's pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, __ Fed App'x __, 2017 WL 4415771 (4th Cir. Oct. 5, 2017). However, even a *pro se* litigant's complaint must be dismissed if it does not allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud be stated with particularity." Fed. R. Civ. P. 9(b). The rule "does not require the elucidation of every detail of the alleged fraud, but does require more than a bare assertion that such a cause of action exists." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1074 (D. Md. 1991). To satisfy the rule, a plaintiff must "identify with some precision the date, place and time of active misrepresentations or the circumstances of active concealments." *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007).

**ANALYSIS**

At the outset, this Court notes that the Complaint does not assert how any of the Defendants are related or any actions taken by Defendants Walter or Ditech. Even construing Plaintiff's Complaint liberally, it does not contain sufficient factual allegations showing he is entitled to relief under any of the above causes of action.

Beginning with Plaintiff's fraud, misrepresentation, and MCPA claims, these claims sound in fraud and must be pled with particularity. *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 465 (D. Md. 2013); *Robinson v. Nationstar Mortgage LLC*, No. TDC-14-3667, 2015 WL 4994491, at *4 (D. Md. Aug. 19, 2015) (citing *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013)). The Complaint, however, vaguely states that there were "facts" that AAG/RMS had knowledge of or should have had knowledge of, that Defendants "had a duty to disclose these types of facts," and that Plaintiff justifiably relied to his detriment on their "misrepresentations and silence." (ECF No. 2 at 2.) Further, that "[t]he conduct of AAG/RMS describe[d] above constitutes violations of [the MCPA], and their actions and inactions evidence an intent for Sill to rely to his detriment." (*Id.* at 3.) At a minimum, these allegations do not identify the subject matter of the allegedly false statements or unfair or deceptive practices let alone assert with particularity "the date, place and time of active misrepresentations or the circumstances of active concealments." *Wheeler*, 492 F. Supp. 2d at 509. Even Plaintiff's Responses to the Motions to Dismiss, which this Court does not consider as an amendment to the Complaint, *Pruitt v. Alba Law Grp.*, Case No. DKC-15-0458, 2015 WL 5032014, at *5 (D. Md. Aug. 24, 2015) (citing *Bey v. Shapiro Brown & Alt, LLP*, 997 F.Supp.2d 310, 318 (D. Md. 2014)), only reference past

investigations and reports by the Consumer Financial Protection Bureau. Accordingly, Plaintiff's claims clearly fail to meet the heightened pleading requirements.

Plaintiff's negligence, breach of fiduciary duty, and bad faith claims stem from AAG/RMS' alleged "fail[ure] to disclose the true nature of what might happen in the future, despite a duty to disclose." (ECF No. 2 at 2.) Plaintiff's negligence and breach of fiduciary duty claims fail against Defendant AAG because AAG did not owe a duty of care to Plaintiff. Rather, the relationship between a mortgage servicer and a borrower is contractual. *See Bowers v. Bank of America, N.A.*, 905 F. Supp. 2d 697 (D. Md. 2012) (dismissing the plaintiff's breach of duty, care and trust claim against his mortgage servicer because "'it is well established that the relationship of a bank to its customer in a loan transaction is ordinarily a contractual relationship between debtor and creditor and is not fiduciary in nature'" (quoting *Kuechler v. People's Bank*, 602 F.Supp.2d 625, 633 (D. Md. 2009))). As to Defendants Ditech and Walter, the Complaint fails to allege any actions taken by either party. Finally as to Defendant RMS, Plaintiff fails to indicate how RMS was involved in the buying and selling of the reverse mortgage loan, when the misrepresentations were allegedly made. Additionally, as an assignee, RMS is not liable for the fraud of the assignor. *Lupo v. JPMorgan Chase Bank, N.A.*, No. DKC-14-0465, 2015 WL 5714641, at *10 (D. Md. Sept. 28, 2015) (explaining that absent a showing of vicarious liability, the plaintiff could not assert liability against the assignor of a loan arising from the acts of the assignee). Lastly, Plaintiff's bad faith claim fails because Maryland does not recognize an independent cause of action for breach of the implied duty of good faith and fair dealing. *Bowers*, 905 F. Supp. at 703.

The remaining claims also fail as a matter of law. Plaintiff's claims under the Maryland Securities Act, Securities Act of 1933 and Banking Act of 1933 and 1935, and Securities and Exchange Act of 1934 fail because they are securities based claims that do not relate to Plaintiff's purchase of a reverse mortgage from AAG. Plaintiff's claim of "willful blindness" also fails, as it is a doctrine used in criminal cases to prove knowledge and not a cause of action entitling Plaintiff to relief. *United States v. Jinwright*, 683 F.3d 471 (4th Cir. 2012).

## CONCLUSION

For the reasons stated above, Defendants' Motions to Dismiss (ECF No. 9, 13) are GRANTED and Plaintiff's claims are DISMISSED.

A separate Order follows.

Dated: October 31, 2017

_____/s/_____
Richard D. Bennett
United States District Judge